IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DREW E. BURBRIDGE and JENNIFER L. BURBRIDGE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Cause No. 4:17-cv-02482-RLW ) |
| CITY OF ST. LOUIS, MISSOURI, et al. | ) ) ) ) |
| Defendants. | ) |

PLAINTIFFS' OPPOSITION TO CONSOLIDATION OF DISCOVERY

COME NOW Plaintiffs, by and through their undersigned counsel, and in opposition to Defendants' motion to consolidate discovery in this litigation with 22 other cases, state as follows:

Introduction

Defendants have filed a motion to consolidate discovery in this matter with that of 22 other cases (see Doc. 52). While it is accurate that all 23 of these cases occurred within the same limited timeframe, and that the catalyst to the events complained of by the individual plaintiffs is similar, the individual circumstances, assaults, detentions, and Constitutional violations visited upon each of the plaintiffs in all of the 23 lawsuits are different.

Consolidating discovery in the Burbridge case with that of the other 22 lawsuits, while no doubt benefiting the City, is inconvenient and inefficient for the Burbridges. Ordering such consolidation will create an unnecessary delay to the Burbridges and will place an unreasonable burden and additional work on their

1

counsel. While the Court may consider consolidating discovery in the other 22 cases (which on information and belief share common counsel), the Burbridges' case should be left as a separate matter as consolidation would unfairly prejudice them.

## Discussion

A district court's discretion to consolidate actions under Federal Rules of Civil Procedure 42(a) is not unbounded. Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994). While "considerations of convenience and economy must yield to the interests of justice in a fair and impartial trial" Flintkote Co v. Allis-Chalmers Corp., 73 F.R.D. 463 (S.D.N.Y. 1977), "a court's broad discretion is…tempered by whether consolidation is warranted in light of the risk of prejudice, the possibility of confusion resulting from the consolidation, the potential to burden the parties, witnesses, and judicial resources, the length of time comparatively, and the relative expense to all concerned." Spire STL Pipeline LLC v. 3.31 Acres of Land, No., 4:18 CV 1327, 2018 WL 4300120, at *1 (E.D. Mo. Sept. 10, 2018) (risk of prejudice, confusion, and burden) (reported version forthcoming); Davidson Surface/Air Inc. v. Bahsoun, No. 4:15-CV-1183 RLW, 2017 WL 1497895 (E.D. Mo. Apr. 24, 2017) (citing Cantrell v. GAF, 999 F.2d 1007, 1011 (6th Cir. 1993)) (consideration of time and expense). Indeed, the Eighth Circuit has unequivocally stated that consolidation is not appropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party," and a district court will be reversed if it abuses its discretion by improperly consolidating cases. EEOC v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998).

As a threshold matter, in order to consolidate separate actions, those actions must involve a common question of law or fact. Fed. R. Civ. P. 42(a); Bank, 21 F.3d at 235. The involvement of the same cause of action or legal theory does not necessarily meet this threshold requirement as indicated by the Eighth Circuit. "[T]he mere fact that two cases assert similar theories of recovery does not constitute a common question of law as to warrant consolidation." Flintkote Co., 73 F.R.D. at 465; *see also* Bank., 21 F.3d at 236 (two cases, both involving breach of contract claims, were improperly consolidated because the legal issues were unrelated). Additionally, if the defenses would be different, consolidation may be improper. *See* Garber v. Randell, 477 F.2d 711, 714 (2d Cir. 1973).

Discovery in the instant matter involves a discreet assault against the Burbridges and related events surrounding their arrests and detentions. The Burbridges as journalists / documentary film makers are differently situated than those present as protestors or regular citizens. Discovery between the Burbridges and the City has already been ongoing for numerous months; additional delays are unwarranted and the mass volume of unrelated information consolidated discovery would produce (related to the violations alleged in the other 22 cases) would amount to an enormous burden on the Burbridges' counsel who would have to sort through a mass of irrelevant materials. While undersigned counsel is willing to accommodate the City on key shared witness depositions related to "pattern and practice", that can be accomplished through mutual agreement. A blanket order of consolidation is unjust and overly burdensome.

WHEREFORE, Plaintiffs respectfully request that the Court deny the Defendants' motion to consolidate discovery in this matter with the other listed cases; and for such further relief as the Court may deem just and proper in the premises.

Respectfully submitted,

**NEWTON BARTH L.L.P.**

By:   /s/ *Talmage E. Newton IV*
Talmage E. Newton IV, MO56647
tnewton@newtonbarth.com
Brandy B. Barth, MO56668
bbarth@newtonbarth.com
555 Washington Ave., Ste. 420
St. Louis, Missouri 63101
(314) 272-4490 – Telephone
(314) 762-6710 – Facsimile

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via the Court's electronic filing system upon all parties of record on this 10th day of November, 2019.

  /s/ *T.E. Newton*