```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MISSOURI
                    EASTERN DIVISION


DREW E. BURBRIDGE, et al.,     )
                               )
     Plaintiffs,               ) Case No. 4:17-CV-2482 RLW
                               )
v.                             ) JURY TRIAL DEMANDED
                               )
CITY OF ST. LOUIS, et al.,     )
                               )
     Defendants.               )
```

   DEFENDANTS' REPLY TO MEMORANDA OPPOSING CONSOLIDATION

   Defendants have moved to consolidate discovery in 23 pending civil actions arising out of various protests in the City of St. Louis in the fall of 2017.  Plaintiffs in the above action (i.e., the Burbridges) oppose consolidation.  Plaintiffs in some other actions (e.g., Faulk and Nelson) have also filed memoranda in opposition.

   The plaintiffs' opposition memoranda acknowledge the patent similarity of all claims, and admit that at least some discovery (e.g., some depositions) should be conducted on a consolidated basis.  Plaintiff opponents refuse to acknowledge, however, the unfairness of compelling the City of St. Louis and its division of police to undergo trial by discovery ordeal.  It is clear from a comparison of the original and amended complaints in the cases cited for discovery consolidation that the plaintiffs' theories of

liability of the City are virtually identical.  Further, it is apparent that plaintiffs will be seeking discovery pertaining to incidents of civil disorder antedating September 2017 in their efforts to establish the alleged "custom" of the City of St. Louis to mistreat protesters such as plaintiffs.  Plaintiffs cannot deny that interrogatories, requests for production of documents, and depositions of command rank police officers will have to be directed to such issues.  In addition, Police Commissioner Hayden, Lt. Col. Leyshock, and the police "SWAT" and civil disobedience team commanders are either named defendants in most of the cases or likely will have to be deposed as witnesses in regard to all or nearly all of the cases, as well as with regard to alleged prior, similar incidents.

  F.R.Civ.P. 26(f) contemplates that the parties can and will confer and devise a discovery plan in every case.  An order consolidating discovery in the cited cases will force the parties to devise a plan that puts all the cases on a convenient and expeditious track to accomplish discovery in an orderly way, minimizing the expense to the parties and disruption of important public safety activities of defense witnesses.

  Admittedly, the Burbridge and Faulk cases, having been filed earlier, are somewhat more advanced than the other

cases; and not all claims arise out of the same incident. Nevertheless, all of the cases entail considerable overlap of legal and factual issues, and an order consolidating discovery will ensure that the parties share discovery already conducted to date in a timely manner, and will provide much needed coordination of documentary discovery and depositions going forward.[1]

In sum, the objections to discovery consolidation are greatly outweighed by its advantages for all parties and by the benefit to the public interest in efficient operation of the City's division of police.  Defendants respectfully urge the Court to require that discovery be consolidated as prayed in defendants' motion.

> Respectfully submitted,
> JULIAN L. BUSH
> CITY COUNSELOR
>
> /s/ Robert H. Dierker
> Robert H. Dierker 23671MO
> Associate City Counselor
> dierkerr@stlouis-mo.gov
> Brandon Laird 65564MO
> Associate City Counselor
> Abby Duncan 67766MO

---

[1] Defendants should not be understood as waiving grounds for motions to dismiss in any of the cited cases.  Discovery may have to await determination of motions to dismiss in the cases other than Burbridge and Faulk.  However, the prejudice to any plaintiff will be minimal.  Defendants can and will proceed with depositions of individual officer defendants who are accused of specific acts affecting the Burbridge and Faulk plaintiffs.  In addition, it is likely that identifiable police officers may be substituted for "John Doe" defendants in Burbridge in light of additional discovery of video evidence, and the addition of those new parties will likely necessitate some delay in that case anyway.

3

```
                              Assistant City Counselor
                              Meghan Bruyns 69987MO
                              Assistant City Counselor
                              Amy Raimondo 71291MO
                              Assistant City Counselor
                              1200 Market St.
                              City Hall, Rm 314
                              St. Louis, MO 63103
                              314-622-3361
                              Fax 314-622-4956
```

CERTIFICATE OF SERVICE

    I hereby certify that on January 22, 2019, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system.

                                      /s/ Robert H. Dierker 23671MO