UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DREW E. BURBRIDGE, et al.,      )
                                )
    Plaintiffs,                )
                                )
v.                              ) Case No. 4:17-cv-2482-SRC
                                )
CITY OF ST. LOUIS, et al.,      )
                                )
    Defendants.                )

REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY

It is certainly a virtue of the adversary system that a party is often educated by an opponent. In this case, defendants confess that plaintiffs have presented more pertinent authority than did defendants on the issue of staying further proceedings in this case, pending disposition of the remaining defendants' appeal.

Defendants' stay motion was premised on defendants' belief that the stay was discretionary. But as plaintiffs have observed, there is authority for the proposition that an appeal on the issue of qualified immunity divests the district court of jurisdiction to proceed, particularly with trial. In addition to *Stewart v. Donges,* 915 F.2d 972 (10th Cir. 1990), defendants note that *May v. Sheahan,* 226 F.3d 876 (7th Cir. 2000), holds that the filing of a qualified

immunity (*"Forsyth"*) appeal deprives the district court of jurisdiction even to accept an amended complaint.

Thus, it appears that the parties are in agreement that trial of the claims against the remaining defendants cannot proceed—unless this Court can determine that the defendants' appeal is frivolous or intentionally dilatory.

Defendants have explained the seriousness of the issues that they intend to raise on appeal. Their appeal is by no means frivolous or dilatory. The question of the intracorporate conspiracy rule under 42 U.S.C. §1983 is unsettled in the Eighth Circuit and has divided the other Circuits, and is intertwined with the issue of qualified immunity. The Supreme Court has applied qualified immunity in the context of intracorporate conspiracy, albeit under 42 U.S.C. §1985. It is clear that the defendants' appeal on these issues is meritorious and that only questions of law are presented.

Defendants also note that more than 15 other cases arising out of the mass protest activity in St. Louis in September 2017, including a class action for damages, *Street v. O'Toole,* E.D.Mo. 4:19-CV-2590-CDP, are affected by the issue of intracorporate conspiracy liability. Defendants Rossomanno and Burton are named defendants in *Street*. It was at least partly for this reason that defendants felt obliged to appeal this Court's order in this case,

so as to secure an early resolution of a major issue cutting across many cases.

The timing of defendants' appeal was unavoidable.  The parties and the Court simply were not in a position to determine the intracorporate conspiracy issue until the motions for summary judgment—primarily because the judges of the Eastern District have taken the position that the issue should not be decided on the pleadings (a matter that this Court was not required to endorse or criticize in this case).

Finally, the qualified immunity appeals will address at least two questions of law apart from intracorporate conspiracy:  whether the remaining defendant officers are immune because they used, or reasonably believed that they used, *de minimis* force, and whether defendant Biggins is immune based on his reasonable (or "reasonably unreasonable") appreciation of the situation presented by the ongoing arrest of plaintiff Drew Burbridge.  Defendants do not believe that resolution of these questions on appeal will turn on issues of fact.

Under the circumstances, the appeal is not frivolous and this Court therefore lacks jurisdiction to proceed pending the outcome of the defendants' appeal.

## Conclusion

For the foregoing reasons, defendant's motion to stay should be granted.

>Respectfully submitted,
>JULIAN L. BUSH
>CITY COUNSELOR
>
>/s/ Robert H. Dierker
>Robert H. Dierker 23671(MO)
>Associate City Counselor
>dierkerr@stlouis-mo.gov
>Brandon Laird 65564(MO)
>Associate City Counselor
>Abby Duncan 67766MO
>Assistant City Counselor
>Megan Bruyns 69987(MO)
>Assistant City Counselor
>Amy Raimondo 71291(MO)
>Assistant City Counselor
>1200 Market St.
>City Hall, Rm 314
>St. Louis, MO 63103
>314-622-3361
>Fax 314-622-4956