UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNIFER L. BURBRIDGE, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:17-cv-02482-SRC |
| MARCUS BIGGINS, et al., | ) |
| Defendant(s). | ) |

### TRIAL ORDER

**The Court orders** that the following schedule applies in this case, and, as explained at the Rule 16 Conference, will be modified only upon a showing of exceptional circumstances:

This action is set for a **JURY** trial on **November 8, 2021**, at **9:00 a.m.**  This is a three-week docket.  The pretrial conference will take place on **November 1, 2021**, at **9:00 a.m.**

Pursuant to Local Rule 8.04 the court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, when the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use the summoned jurors in another trial, unless good cause for the delayed termination or settlement is shown.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty-one (21) days prior to the date set for trial:**

**1.**     Stipulation:   Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on voir dire)

**2.**     Witnesses:

(a)     Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b)     Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

**3.**     Exhibits:

(a)     Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs must use numbers and defendants must use letters for exhibits. If you are a defendant

1

and have more than 26 exhibits (A through Z), use AA, AB, AC . . . AZ, followed by BA, BB, etc.) and deliver to opposing counsel and to the Court a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.   The list must clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

      (b)    Submit all exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination. Prior to trial, the parties must stipulate which exhibits may be introduced without objection or preliminary identification, and must file written objections to all other exhibits.

      (c)    No exhibit will be shown to the jury until it is received in evidence or the Court has granted permission for the exhibit to be shown to the jury. Exhibits may be used in opening statements with consent of opposing counsel.

      (d)    Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted to opposing party for examination, in compliance with this Order.   Any objections not made in writing **at least fourteen (14) days prior to trial** may be considered waived.

    **4.**    <u>Depositions, Interrogatory Answers, and Request for Admissions</u>:

      (a)    Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence.   **At least fourteen (14) days before trial,** the opposing counsel must state in writing any objections to such testimony and must identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

      (b)    Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order.   Any objections not made as above required may be considered waived.

    **5.**    <u>Instructions</u>:

      (a)    Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions in light of opposing party's requests for instructions **at least fourteen (14) days before trial**.   (Each request must be supported by at least one pertinent citation.)

      (b)    The parties must meet and confer, attempting to resolve any issue(s) with jury instructions.   To that end, lead counsel must personally speak before submitting any jury instructions and must so certify in the instructions that they have spoken, providing the details of the date, time, duration, and topics discussed.   **At least three (3) days before the pretrial conference**, the parties must jointly submit the jury instructions they have agreed upon.   For the jury instructions that remain in dispute, **at least three (3) days before the pretrial conference,** the parties must separately submit proposed versions of disputed jury instructions.

    (c) The Court will use applicable Eighth Circuit Jury Instructions. When an Eighth Circuit instruction is not available, the parties must submit instructions from another source, accompanied by case authority.

    (d) Parties must submit a clean copy and a dirty copy of each instruction proffered. A clean copy for the jury will reflect only "Instruction No. ____" at the top with no further explanatory comments at the top or bottom of the page.

  6. <u>Trial Brief</u>: Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

  7. <u>Motions In Limine</u>: File all motions in limine to exclude evidence, and submit a courtesy copy directly to the Court's chambers, **at least fourteen (14) days before trial.** Responses must be filed at least seven (7) days before trial. Plaintiff must file a response to Defendants' pending Motion in Limine [126] no later than **October 18, 2021**.

So Ordered this 3rd day of August 2021.

                *SL R. CL*
                _____
                STEPHEN R. CLARK
                UNITED STATES DISTRICT JUDGE